UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/07
```

---

SECURITIES AND EXCHANGE COMMISSION,

  Plaintiff,

v.

SAKS INCORPORATED,

  Defendant.

07 Civ. 7821 (CM)

FINAL JUDGMENT
ON CONSENT
AGAINST DEFENDANT
SAKS INCORPORATED

---

The Securities and Exchange Commission having filed a Complaint and Defendant Saks Incorporated ("Saks") having entered a general appearance; consented to the Court's jurisdiction over Saks and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment,

  NOW THEREFORE:

I.

  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Saks and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and Rules 12b-20, 13a-1, 13a-11 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] by:

(a)   failing to file with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)], and the rules and regulations promulgated thereunder; or

(b)   filing with the Commission a report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)], and the rules and regulations promulgated thereunder that (1) contains an untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in light of the circumstances under which they are made, not misleading; or (3) fails to disclose any information required to be disclosed therein.

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Saks and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by failing to:

(a)   make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

(b)   devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (1) transactions are executed in accordance with management's general or specific authorization; (2) transactions are recorded as

necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (3) access to assets is permitted only in accordance with management's general or specific authorization; and (4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

### III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Consent of Saks is incorporated herein with the same force and effect as if fully set forth herein, and that Saks shall comply in all respects with the terms of the Consent.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Final Judgment.

**SO ORDERED:**

Dated: _September 7_, 2007

_New York_, New York

_____
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

## CONSENT OF DEFENDANT
## SAKS INCORPORATED

1. Defendant, Saks Incorporated ("Saks") waives service of the Summons and Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Saks and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Saks admits), Saks hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things: permanently restrains and enjoins Saks from violation of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)], and Rules 12b-20, 13a-1, 13a-11 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11 and 240.13a-13] promulgated thereunder.

3. Saks waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Saks waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Saks enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Saks to enter into this Consent.

6. Saks agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.  Saks will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.  Saks waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Saks of its terms and conditions. Saks further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Saks has received and read a copy of the Final Judgment.

9.  Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Saks in this civil proceeding. Saks acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Saks waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy herein.

10. Saks understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Saks agrees not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis. If Saks breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Saks': (i) testimonial obligations; or (ii) right to

2

take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.  Saks hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Saks to defend against this action. For these purposes, Saks agrees that Saks is not the prevailing party in this action since the parties have reached a good faith settlement.

12.  In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Saks (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Saks' undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules; and (v) consents to personal jurisdiction over Saks in any United States District Court for purposes of enforcing any such subpoena.

13.  Saks agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

3

14. Saks agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

                                              Saks Incorporated

Dated: August 28, 2007      By: _____
                                                   Michael A. Brizel
                                                   Executive Vice President and General Counsel
                                                   Saks Incorporated
                                                   12 East 49 Street
                                                   New York, NY 10017

On August 28, 2007, Michael A. Brizel, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Saks Incorporated as its Executive VP & General Counsel
                                                              Title

_____
Notary Public
Commission expires:        GLORIA VIDAL
                                 Notary Public, State of New York
                                 No. 03-5699985
                                 Qualified in Westchester County
                                 Commission Expires July 31, 2010

Approved as to form:

_____
Michael D. Warden
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005
mwarden@sidley.com
Tel. (202)736-8080
Attorney for Defendant Saks Incorporated

4

RESOLUTION

OF THE BOARD OF DIRECTORS OF

SAKS INCORPORATED

I, Julia Bentley, Corporate Secretary, Saks Incorporated, hereby certify that the following resolution was duly enacted at a meeting of the Board of Directors of Saks Incorporated held on _August 28_, 2007.

RESOLVED, that:

Michael A. Brizel, Executive Vice President and General Counsel, is authorized and directed to execute, on behalf of Saks Incorporated, the Consent of Saks Incorporated to the Final Judgment on Consent Against Defendant Saks Incorporated ("Consent"), attached hereto and made part hereof, for submission to the United States District Court, Southern District of New York in a civil action to be filed entitled, "Securities and Exchange Commission v. Saks Incorporated," and the aforementioned officer be and hereby is authorized to undertake such further actions for and on behalf of Saks Incorporated as he may deem necessary and advisable, including the execution of such documents as may be required by the Securities and Exchange Commission or the Court, in order to effectuate the foregoing Consent.

    I further certify that the aforesaid resolution has not been amended or revoked in any respect and is still in full force and effect.

                                                            Saks Incorporated

Dated: __August 28__, 2007      By: _____
                                                         Julia Bentley
                                                         Corporate Secretary
                                                          Saks Incorporated
                                                          12 East 49 Street
                                                          New York, NY 10017